## W. F. Romines v. C. L. McFarland et al.

1. Promissory Notes—*Burden of Proof Where Defense is Payment.*
—Where a note is produced from the possession of plaintiff with a credit of twenty dollars indorsed upon it, a *prima facie* right to recover the balance apparently due upon it is established, and the burden of proving payment by the weight of the evidence is shifted to the defendants.

Assumpsit, upon a promissory note. Appeal from the County Court of Clark County; the Hon. J. C. Perdue, Judge presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed June 20, 1892.

Davison & Bartlett, attorneys for appellant.

S. M. Scholfield and Golden, Scholfield & Booth, attorneys for appellees.

Mr. Justice Wright delivered the opinion of the court.

Appellant sued appellees before a justice of the peace upon a promissory note given by the latter, and the case having been removed by appeal to the County Court, a trial by jury ended in a verdict and judgment against appellant. This appeal is brought to reverse such judgment, and upon the record, the single question is presented whether the verdict is supported by the evidence.

The defense made against the note in the trial court was payment. When the note was produced from the possession of appellant, as it was, with a credit of twenty dollars indorsed upon it, a *prima facie* right to recover the balance apparently due upon it was established, and the burden of proving payment by the weight of the evidence was shifted to the defendants. McFarland, who was principal maker of the note, testified he had paid to appellant all that was due on the note on the occasion of a reunion of soldiers. Tomaw, a witness produced by defendants, testified that he was present when McFarland paid some money to appellant, and that the former told the latter at the time, such payment was for hay. Appellant denied that he had received any payment upon the note but the twenty dollars indorsed upon it. There was evidence tending to show

there was no reunion at the time of payment stated by
McFarland, and that he testified at the trial before the
justice of the peace he paid fifty-five dollars upon the note
on the occasion of the reunion, he having stated on the final
trial the amount was seventy-five dollars.    This is substan-
tially all the evidence contained in the record, and upon
consideration we are constrained to believe the jury were
in some way misled, or adopted a wrong conception of the
evidence, for we are unable to say the weight of the evi-
dence was with the appellees upon the fact of payment as
claimed by them, but rather the evidence of their own wit-
ness, Tomaw, was to the effect the payment, if payment
was made, was upon another account.    For the reason
stated the judgment of the County Court will be reversed
and the cause remanded for a new trial.